UNITED STATES DISTRICT COURT EASTERN DISTRICT OF TENNESSEE

FILED
AUG 1 9 2009
Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

STATE FARM FIRE AND CASUALTY COMPANY,

  Plaintiff,

v.  No.: 3:09-CV-368 Phillips/Guyton

DAVID JONES, G & A TRUCKING, INC.,
DENNIS MYERS and SUZANNE MYERS,

  Defendants.

## COMPLAINT

Comes State Farm Fire and Casualty Company (hereinafter referred to as "SFFCC") and files this Complaint for declaratory judgment that there is no coverage available, and thus, no duty to indemnify Defendants David Jones (hereinafter referred to as "Jones") and/ or G & A Trucking, Inc. (hereinafter referred to as "G & A") under a certain policy of liability insurance. SFFCC would show the Court as follows:

### A. PARTIES

1. SFFCC is a fire and casualty insurance company with headquarters and principal place of business in Bloomington, Illinois, but is qualified to do business in Tennessee.

2. Jones is a resident of the state of Kentucky and may be served with process at 67 Williamsburg Street, Whitley City, Kentucky 42653.

3. G & A is a corporation, licensed and authorized to do business in Tennessee. G & A may be served with process via its agent for service of process, Dennis E. Jeffers or other chief corporate representative, 190 Anderson Street, Oneida, Tennessee 37841.

4. Dennis Myers (hereinafter referred to as "Mr. Myers") is a resident of Jamestown, Tennessee and may be served with process at 1041 Bill Black Road, Jamestown, Tennessee 38556.

5. Suzanne Myers (hereinafter referred to as "Mrs. Myers") is a resident of Jamestown, Tennessee and may be served with process at 1041 Bill Black Road, Jamestown, Tennessee 38556. Hereinafter Mr. Myers and Mrs. Myers shall collectively be referred to as "Defendants Myers"). Hereinafter Jones, G & A, and Defendants Myers shall collectively be referred to as "Defendants").

## B. JURSIDICTION AND VENUE

6. Jurisdiction is predicated upon diversity of citizenship *as* described in 28 U.S.C. § 1332, there being complete diversity of citizenship between the Illinois Plaintiff (SFFCC), the Kentucky Defendant (Jones), and the Tennessee Defendants (G & A and Defendants Myers). Jurisdiction is further predicated under 28 U.S.C. § 2201.

7. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

8. Jurisdiction and venue are proper in this Honorable Court.

## C. FACTS

9. On or about December 16, 2005, a motor vehicle collision occurred in Scott County, Tennessee in which Mr. Myers was operating a vehicle owned by G & A. The vehicle operated by Mr. Myers collided with a vehicle being operated by Jones, which was also owned by G & A.

10. On or about the aforementioned date and at all times material and relevant herein, Mr. Myers and Jones were employees of G & A and were within the scope and course of their employment with G & A.

11. On or about the aforementioned date and at all times material and relevant herein, Jones and Mr. Myers were operating the vehicles owned by G & A with the permission and consent of G & A and during the course and scope of their employment with G & A.

12. Mr. Myers made a workers' compensation claim against G & A, regarding the injuries that he claims to have sustained in the aforementioned collision.

13. On April 7, 2007, Mr. Myers filed a petition in the Chancery Court of Knox County, Tennessee, seeking approval of a workers' compensation settlement entered into between "Employee and the Employer." (Petition for Workers' Compensation Settlement, attached hereto as **Exhibit A**).

14. Paragraph I of the petition avers that Mr. Myers was an employee of G & A.

15. Paragraph II of the petition avers that Mr. Myers "was involved in an accident, arising out of and in the course of his employment with G & A Trucking."

16. Mr. Myers signed the above-referenced petition.

17. On April 4, 2007, a Final Decree was entered in Mr. Myers' workers' compensation case. (Final Decree, attached hereto as **Exhibit B).**

18. The Final Decree indicates that the Chancellor examined Mr. Myers to confirm his understanding of the workers' compensation settlement; the voluntary nature of the

3
Case 3:09-cv-00368-TWP-HBG   Document 1   Filed 08/19/09   Page 3 of 6   PageID #: 3

settlement; and to confirm that the settlement is in the "employee's" best interests.

19. The Final Decree further recites that Mr. Myers "was involved in an accident within the course and scope of his employment."

20. Mr. Myers signed the Final Decree.

21. On or about December 14, 2006, Mr. Myers and Mrs. Myers instituted a lawsuit in the Circuit Court of Scott County, Tennessee, styled <u>Dennis Myers and Suzanne Myers v. David G. Jones, G & A Trucking and Scott County</u> and pending as Docket No. 7162. (A copy of the Circuit Court Complaint is attached hereto as **Exhibit C**).

22. Defendants Myers' Circuit Court Complaint sued G & A, Jones and Scott County for two million, seven hundred fifty thousand dollars ($2,750,000.00) in compensatory damages.

23. Subsequently, SFFCC sent reservation of rights letter(s) to Jones, G & A, and Mr. Myers.

24. G & A and Jones later filed a motion for summary judgment in the underlying action based upon the exclusive remedy provisions of Tennessee's Workers' Compensation Act.

25. On or about August 5, 2008, summary judgment was granted as to G & A because "Plaintiff Dennis Myers, is an employee of G & A Trucking, Inc. pursuant to the Tennessee Worker's compensation Act, and was injured while in the course and scope of his employment pursuant to the Tennessee worker's Compensation Act." The underlying Court found that there were facts in dispute as to whether Jones was an independent contractor.

4

26. The SFFCC policy number S94 3318-C29-42R [Form 9942.4] (hereinafter referred to the "Policy") issued to G & A provided in relevant part at page 8, under the Section identified as **"When Coverage A Does Not Apply,"** as follows:

THERE IS NO COVERAGE:

2. FOR ANY *BODILY INJURY* TO:

    a. A FELLOW EMPLOYEE WHILE ON THE JOB AND ARISING FROM THE MAINTENANCE OR USE OF A VEHICLE BY ANOTHER EMPLOYEE IN THE EMPLOYER'S BUSINESS. . . .

    b. ANY EMPLOYEE OF AN *INSURED* ARISING OUT OF HIS OR HER EMPLOYMENT. . . .

5. FOR ANY OBLIGATION OF AN *INSURED,* OR HIS OR HER INSURER, UNDER ANY TYPE OF WORKERS' COMPENSATION OR DISABILITY OR SIMILAR LAW.

27. Based upon: (1) the fact that Jones and Mr. Myers were employees of G & A; (2) the fact that Mr. Myers was injured within the scope and course of his employment with G & A and that these injuries arose from the maintenance or use of a vehicle by Jones in G & A's business; and (3) the fact that Mr. Myers received worker's compensation benefits, regarding his on the job injuries, there is no coverage under the Policy.

28. Based upon the foregoing, SFFCC respectfully would show the Court that there is no coverage under the Policy with respect to the pending tort litigation and that there is no coverage for Jones and G & A, regarding said tort litigation and the claims of Defendants' Myers.

### D. PRAYERS FOR RELIEF

WHEREFORE, SFFCC prays that process issue and be served upon Defendants, requiring them to answer this complaint; and FURTHER, SFFCC prays that a declaratory

judgment issue holding and declaring that based upon the facts and circumstances described herein and the provisions of the Policy, there is no coverage to G & A and Jones under said policy, and further specifically declaring that there is no duty to indemnify any of the named Defendants in the underlying tort litigation; and further, SFFCC prays for all general relief provided by law.

Respectfully submitted this the 19th day of August, 2009.

S. Douglas Drinnon (B.P.R.# 018629)
RAINWATER, DRINNON, & CHURCHWELL, PLLC
P.O. Box 1760
Dandridge, TN 37725
Phone: 865-397-3939
Fax: 865-397-3132
Email: sdoug@rainwaterlaw.net
Attorney for State Farm Fire and Casualty Company